UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOEMI SANCHEZ LARA,<br><br>            Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, JOHN DOE 1-10 (fictitiously named), and XYZ CORPORATIONS (fictitiously named construction, maintenance, repair, and/or property management corporations),<br><br>            Defendants. | Civil Action No. 21-14114 (JXN)(JBC)<br><br>**OPINION** |

**NEALS**, District Judge:

This matter comes before the Court on Defendant Costco Wholesale Corporation's ("Costco" or "Defendant") appeal pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c)(1) (ECF No. 41) of the February 21, 2024 Order (ECF No. 38) ("February 21 Order") entered by the Honorable James B. Clark, III, U.S.M.J. ("Judge Clark"). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' appeal (ECF No. 41) is **DENIED**, and the February 21 Order (ECF No. 38) is **AFFIRMED**.

**I.**     **BACKGROUND AND PROCEDURAL HISTORY**

On February 21, 2024, Judge Clark issued an Order permitting service of Plaintiff Noemi Sanchez Lara's ("Plaintiff") supplemental expert liability report. Costco appeals the February 21

1

Order wherein the Magistrate Judge permitted service of Plaintiff's supplemental expert report. (*See* ECF No. 38). The relevant facts follow.

On March 30, 2023, an order was entered requiring Plaintiff to serve all expert reports by May 15, 2023, and Defendant to serve all expert reports by June 16, 2023. (*See* ECF No. 23). The order stated, "there will be no further extensions of the forgoing deadlines." (*Id.*)

On May 2, 2023, another order (ECF No. 25) was entered extending the dates to serve expert reports by thirty (30) days pursuant to Plaintiff's request. (ECF No. 24). As per the May 2, 2023 order, Plaintiff's expert reports were due on June 15, 2023, and Defendant's expert reports were due by July 16, 2023. (See ECF No. 25). That order similarly stated there would be no further extensions. (*Id.*)

On June 5, 2023, Plaintiff served her expert liability report, which was prepared by Scott Moore, PE ("Mr. Moore"). (*See* Certification of Jason Mastrangelo, Esq. ("Mastrangelo Cert.") Ex. C, ECF No. 41-4). On July 14, 2023, Defendant served their rebuttal expert liability report. (*See* Mastrangelo Cert. Ex. D).

Mr. Moore's deposition was scheduled to occur on January 31, 2024. On January 26, 2024, Plaintiff served a supplemental expert liability report, prepared by Mr. Moore, dated January 23, 2024. (*See* Mastrangelo Cert. Ex. I). On that same date, Defendant filed a letter with the Court objecting to the supplemental report, requesting that the report be barred, and requesting that the deadline to conduct the deposition of Plaintiff's expert be extended. (*See* ECF No. 36). Judge Clark held Mr. Moore's deposition in abeyance pending a February 21, 2024 telephonic conference with the Court. (*See* ECF No. 37). On February 1, 2024, Plaintiff again served Mr. Moore's January 23, 2024 supplemental expert liability report. Plaintiff's counsel included a Certification of Due Diligence and a letter from Mr. Moore in which he certified he started drafting the supplemental

2

report on July 19, 2023, but "due to trials, commitments, and oversight" the supplemental report was not submitted to Plaintiff's counsel until January 2024. (*See* Mastrangelo Cert., Ex. L).

On February 21, 2023, Judge Clark held a telephonic conference with the parties regarding the supplemental report.[1] On that same date, Judge Clark entered the subject February 21 Order, which permitted Plaintiff's supplemental expert report to be served, allowed Defendant until March 29, 2024, to serve a surrebuttal report, and extended expert discovery until April 30, 2024. (*See* ECF No. 38).

On February 22, 2024, Defendant requested the February 21 Order be stayed pending appeal. (See ECF No. 39). On February 27, 2024, Judge Clark granted Defendant's request to stay. (*See* ECF No. 40).

On March 4, 2024, Defendant filed an appeal of the February 21 Order (ECF No. 41) (the "Appeal") and a brief ("Defs.' Br.") (ECF No. 41-3) in support. On March 18, 2024, Plaintiff filed her opposition. ("Pls.' Br.") (ECF No. 42). On March 25, 2024, Defendant filed their reply. ("Defs.' Rep. Br.") (ECF No. 44). This matter is now ripe for consideration.

## II.     STANDARD OF REVIEW

Magistrate judges may hear non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (cleaned up).

---

[1] The telephonic conference was not recorded so no transcript exists. (*See* Defs.' Opp. Br. at 5 n.1).

A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emps. Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied the applicable law." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citation omitted). Under this standard, a "district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000) (citation omitted).

Where an appeal seeks review of a non-dispositive matter within the exclusive purview of the Magistrate Judge, such as a discovery dispute, the "abuse of discretion standard" must be applied. *See Virginia St. Fidelco, L.L.C. v. Orbis Prod. Corp.*, No. 11-2057, 2018 WL 1399304, at *2 (D.N.J. 2018); *see also Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000) (citations omitted) (analyzing magistrate judges' "discovery orders for [an] abuse of discretion"); *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) ("Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion."). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful[,] or unreasonable," which means "no reasonable [person] would take the view adopted by the trial court." *Lindy Bros. Builders, Inc. v. Am. Radiator & Std. Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976) (en banc). "If reasonable [persons] could differ as to the propriety of the action[,]" however, it cannot be said the trial court abused its discretion." *Id.*

## III.     DISCUSSION

The parties set forth that the standard of review is whether the February 21 Order is contrary to law, clearly erroneous, or an abuse of discretion (*See* Defs.' Br. at 6-7; Pls.' Br. at 3-4). The Court reviews Judge Clark's decision to permit Plaintiff's supplemental expert report for abuse of discretion. *See, e.g., Mane Fils S.A. v. Int'l Flavors & Fragrances Inc.*, No. 06–2304, 2008 WL 4606313, *3 (D.N.J. Oct.15, 2008) ("Where the appeal seeks review of a matter within the broad discretion of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, is applied."); *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 433-34 (D.N.J. 2009) (noting that a magistrate judge's ruling on non-dispositive matters such as discovery motions are "entitled to great deference and [are] reversible only for abuse of discretion." (quoting *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J.1996)). Applying this standard of review, the Appeal is denied.

Defendant asserts that Plaintiff's supplemental expert report does not comply with Federal Rule of Civil Procedure 26(a)(2)(D)(ii), which proscribes "the evidence [in the supplemental report] is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), [and is served] within 30 days after the other party's disclosure." Defendant argues that the Court should bar the supplemental report includes a review of video surveillance of Plaintiff's alleged fall and Plaintiff's deposition transcript, which Mr. Moore did not address in his initial report. (Defs.' Br. at 1, 8, 12). Defendant contends the six-month delay in serving Mr. Moore's supplemental report constitutes bad faith and further contends Plaintiff's supplemental expert report should be barred pursuant to the factors enumerated in *Meyers v. Pennypack Woods Home Ownership Association*, 559 F.2d 894 (3d Cir. 1977). (*See* Defs.' Br. at 8-9, 11-16). Defendant further contends Plaintiff demonstrated bad faith by failing to

mention a supplemental report was pending despite court conferences, arbitration, and other conversations between counsel. (Pls.' Br. at 1, 11).

Plaintiff asserts the *Pennypack* factors support Judge Clark's decision to permit Mr. Moore's supplemental report. (Pls.' Br. at 4-7). Plaintiff further asserts there is no basis for Defendant's allegation of bad faith because Plaintiff's counsel forwarded Plaintiff's deposition testimony to Mr. Moore for review and inclusion in his report and thought "that the surveillance video of the underlying incident had been reviewed in connection with Mr. Moore's initial report." (Pls.' Br. at 1-2).

In reply, Defendant argues that Plaintiff's counsel's representation that the surveillance video and Plaintiff's deposition transcript were provided to Mr. Moore for use in Mr. Moore's initial report are belied by Mr. Moore's supplemental report which states, "Ms. Sanchez Lara's deposition was not made available to me at the time of writing my original report…" (*See* Defs.' Rep. Br. at 1 (citing Mastrangelo Cert. Ex. L)). Additionally, Defendant argues Plaintiff's counsel has not shown any diligence regarding Mr. Moore's supplemental report. (*See* Defs.' Rep. Br. at 4-5).

"Before imposing the extreme sanction of preclusion of evidence, the Court must either find that the party '(1) revealed previously undisclosed evidence when trial was either imminent or in progress; or (2) acted in bad faith, which is more than a mere lack of due diligence.'" *Love v. Rancocas Hosp.*, No. 01-5456, 2005 WL 6011252, at *2 (D.N.J. Mar. 31, 2005) (internal citation omitted). Before excluding evidence, the Court should be guided further by the *Pennypack* factors: (1) the prejudice or surprise to the party against whom the evidence would be presented; (2) the ability to cure the prejudice; (3) the extent to which the evidence, if admitted, would disrupt trial of the case; (4) bad faith or willfulness in failing to comply with the Court's Order; and (5)

importance of the excluded evidence. 559 F.2d 894, 905 (3d Cir. 1977), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir.1985); *see also ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (noting *Pennypack* factors were instructive in evaluating whether the District Court's decision to control the discovery process and refusal to allow additional evidence constituted abuse of discretion).

Here, trial is not imminent or in progress rather, the parties were in the process of completing expert discovery. While Mr. Moore's initial report did not include assessments of surveillance footage of Plaintiff's alleged fall and Plaintiff's deposition testimony, such evidence was previously disclosed. Plaintiff's untimely expert report cannot be characterized as having acted in bad faith, but rather a lack of due diligence. Notwithstanding, Defendant's assertion of "gamesmanship," Plaintiff's failure to notify Defendant and the Court of her intention to serve a supplemental expert report, while not best practice, does not constitute bad faith contemplated by our jurisprudence in excluding evidence. *See Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 720–21 (3d Cir.1997) (holding, in the context of untimely expert disclosures, where plaintiff's counsel had considered calling an expert witness "some months" prior to the pretrial conference yet delayed notifying the defendant "despite the fact that the cutoff for expert discovery had passed more than a year earlier, and despite the fact that the trial date was rapidly approaching" such delay could be deemed made in bad faith to gain a tactical advantage).

i. **Analysis of The *Pennypack* Factors**

Additionally, a review of the *Pennypack* factors do not weigh in favor of excluding the supplemental report.

As to the first factor, Defendant argues prejudice and surprise by the supplemental report being served days before Mr. Moore's deposition. (*See* Pls.' Br. at 4). However, no substantial

prejudice is imparted on Defendant. At most, Defendant will have to serve a surrebuttal report which Magistrate Judge Clark provided for in his February 21 Order. Defendants will not have to depose any new witnesses, re-depose Mr. Moore, or employ an additional new expert.

In considering the second factor, Judge Clark mitigated any prejudice or surprise by the reasonable extension of expert discovery in the February 21 Order, by extending the completion of expert discovery to April 30, 2024, and by providing an additional two months for Defendant to review the report and properly prepare for and conduct Mr. Moore's deposition. (*See* ECF No. 38). The February 21 Order also permitted Defendant to serve a surrebuttal report of Plaintiff's supplemental expert report by March 29, 2024. (*id.*). *See Virginia St. Fidelco*, 2018 WL 1399304, at *3 (citing *Ciocca v. B.J.'s Wholesale Club, Inc.*, No. 4-5605, 2011 WL 3563560, at *4-5 (E.D. Pa. Aug. 12, 2011) (finding that the court could cure prejudice by granting defendant additional time to respond to an expert report or obtain its own rebuttal expert report)). Any asserted prejudice by Defendant in having to expend additional resources on preparing a surrebuttal report is not substantial. *See ZF Meritor*, 696 F.3d at 298 (finding no prejudice where new supplemental, alternate damages estimates were based on data from the initial report, which defendant had been aware of for three years). The surveillance footage of Plaintiff's alleged fall and her deposition testimony is not prejudicial or constitute surprise; it is not new evidence, rather Defendant was in possession of both these items. Indeed, presumably Defendant was in possession of and turned over the surveillance footage. Moreover, counsel for Defendant most certainly possessed a copy of Plaintiff's deposition transcript. Defendant's own expert utilized these two pieces of evidence in forming their opinions and conclusions. Contrary to Defendant's contention that "[t[he only way to cure that prejudice is to bar those opinions" (Pls.' Br. at 15), the Magistrate Judge found an

8

alternative cure for any prejudice to Defendant by permitting a surrebuttal and extending expert discovery.

In considering the third factor, Plaintiff's supplemental report will not disrupt the trial of the case. While the supplemental report compelled Judge Clark to appropriately adjust scheduling order deadlines, any delay is insignificant and did not alter a scheduled trial date or disrupt an ongoing trial.

Turning to the fourth factor, as discussed above, the Court does not find bad faith by Plaintiff. Even taking Defendant's allegation as true, that Mr. Moore's cover letter indicates he was not provided with the surveillance footage of Plaintiff's alleged fall and Plaintiff's deposition for use in his initial report, such an oversight more closely aligns with a lack of due diligence rather than a willful withholding of such information by Plaintiff's counsel. Indeed, Plaintiff's counsel has incentive to provide its own expert with all evidence to review in forming conclusions. Defendant references Plaintiff's lack of diligence, which does not equate to bad faith. (*See* Defs.' Rep. Br. at 4-5). The oversight in producing the supplemental report—either as a result of Mr. Moore's busy calendar or Plaintiff's counsel's—is inadvertence rather than bad faith.

Finally, the Court finds in applying the fifth factor that the importance of the evidence further weighs in favor of permitting Plaintiff's supplemental report. The Court notes that the Third Circuit has expressed a "'distinct aversion' to the exclusion of important evidence unless there is evidence of 'extreme neglect or bad faith on the part of the proponent of the testimony,' and the Court should exercise 'particular restraint' in deciding a motion to preclude evidence." *In re Mercedes-Benz Anti-Trust Litig.*, 225 F.R.D. 498, 504-05 (D.N.J. 2005) (internal citations omitted); *ABB Air Preheater, Inc. v. Regenerative Environmental Equipment Co., Inc.*, 167 F.R.D. 668, 671 (D.N.J. 1996). The Court further notes that "[i]n applying this factor and considering the

importance of evidence sought to be stricken, '[c]ourts favor the resolution of disputes on their merits.'" *Abbott Lab'ys v. Lupin Ltd.*, No. 09-152, 2011 WL 1897322, at *5 (D. Del. May 19, 2011) (citing *Pro. Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, 245 F. App'x 161, 165 (3d Cir. 2007)). Based on the Court's finding no evidence of extreme neglect or bad faith, it will not preclude Plaintiff from having its liability expert opine on surveillance footage and Plaintiff's account of what occurred through her deposition testimony, which are central to Plaintiff's case. Additionally, the preference for disputes to be decided on the merits further weighs in favor of permitting Plaintiff's liability expert to opine according to the evidence contained in his supplemental report and bolsters Judge Clark's determination to permit Plaintiff's supplemental expert report.

### ii. Defendant's Cited Case Law is Distinguishable

Defendant's reliance on *Virginia St. Fidelco, L.L.C. v. Orbis Prod. Corp.*, No. 11-2057, 2018 WL 1399304 (D.N.J. 2018) is unavailing.[2] In *Virginia St. Fidelco*, Judge Clark barred the plaintiffs use of a supplemental expert opinion and a new expert opinion related to alleged environmental contamination of property. *Virginia St. Fidelco*, 2018 WL 1399304 at *1. Magistrate Judge Clark granted the plaintiffs' motion "to reopen discovery for the limited purpose of supplementing the Greenberg report" with updated testing from the property. *Id.* After Judge Clark granted the plaintiffs an additional extension, plaintiffs submitted their expert's

---

[2] Similarly, Defendant's citations to *Steele v. Aramark Corp.*, No. 09-4340, 2013 WL 6536184 (D.N.J. Dec. 13, 2013) and *Gibson by Gibson v. Nat'l R.R. Passenger Corp.*, 176 F.R.D. 190 (E.D. Pa. 1997) are not analogous. In *Steele*, the defendant's liability expert was deposed. *Steele*, 2013 WL 6536184 at *3. Almost three months after that deposition, the defendant produced an affidavit by their expert attached as an exhibit to the defendant's motion for summary judgement and to bar the plaintiff's experts. *Id.* The Court found "to cure the prejudice from the use of the affidavit a new round of expert discovery would have to take place" while "there was a pressing need to try the case." *Id.* at *5. Here, Plaintiff's liability expert has not yet been deposed. Additionally, no additional round of expert discovery will need to occur. In *Gibson*, the Court noted defendant's "disregard for the Court's orders has caused the expenditure of great judicial resources. In fact, this is the sixth motion filed by plaintiffs to obtain discovery they are entitled to under Rule 26." 176 F.R.D. at 193. Here, the Court is not aware of a similar pattern of repeated conduct by Plaintiff, nor substantial motion practice to obtain compliance with discovery obligations.

10

supplemental report, however, it did not include the specific additional testing data from the property. *Id.* Instead, the supplemental report relied on a different report that had not been produced in discovery. *Id.* The plaintiffs also submitted a new expert report. *Id.* In a teleconference call with the parties, Judge Clark explained that he only allowed the supplemental expert report to be amended for very limited purposes and was troubled that a new expert submitted reports "at this late date." *Id.* at *2.

On appeal, the District Court found Judge Clark did not abuse his discretion. *Id.* at *3. The District Court noted the plaintiffs "supplement[ed] the [ ] report beyond the limited purpose and also submitted a report from a new expert" which was beyond the "limited, particular purpose" permitted by Judge Clark after discovery had closed. *Id.* The District Court further found under the *Pennypack* factors that defendants would experience some prejudice because of plaintiffs' entirely new expert opinion and the plaintiffs' reliance on a report not produced in discovery. *Id.* The District Court in *Virginia St. Fidelco* also noted its agreement with Judge Clark that reopening discovery to allow the plaintiffs' new expert and defendants' response would disrupt the litigation. *Id.* at *4. The context of the case was important in the District Court's analysis as well; the case began in 2011, fact discovery concluded in 2014, and expert discovery was due in 2016, two years prior the District Court's decision in 2018. *Id.* The District Court further found the plaintiffs willfully violated Judge Clark's order and that exclusion of the supplemental report and new expert would not effectively eliminate the plaintiffs' case as precedent cautioned against. *Id.*

Here, the critical distinction between *Virginia St. Fidelco* and the facts at bar lies in the plaintiffs' express disregard of Judge Clark's order specifically allowing a supplemental report to include additional data requested by plaintiffs, compared to the February 21 Order, which was silent as to supplemental reports and did not specifically order Plaintiff to do a specific task.

11

Additionally, here, expert discovery was ongoing at the time Plaintiff submitted her supplemental expert report, unlike *Virginia St. Fidelco* where discovery would have to be reopened. Moreover, the prejudice found by the District Court in *Virginia St. Fidelco* is absent here. The prejudice in *Virginia St. Fidelco* was premised on the plaintiffs' submission of a new expert in addition to their supplemental report's reliance on a report not produced in discovery. While here, Plaintiff sought to supplement her pre-existing expert's report, which opined on two pieces of evidence previously produced in discovery: surveillance footage and Plaintiff's deposition transcript. Likewise, this action, while not new, does not have the same cumulation of discovery deadlines that had elapsed years prior as in *Virginia St. Fidelco*. Unlike *Virginia St. Fidelco* where the plaintiffs were found to have willfully violated Judge Clark's specific order, here, notwithstanding Plaintiff's disregard of Magistrate Judge Clark's "no further extension" provisions in his orders, Plaintiff cannot be said to have committed as flagrant a violation. It is clear, based on *Virginia St. Fidelco*, that if Judge Clark thought the circumstances warranted it, he would have barred Plaintiff's supplemental report as he did in *Virginia St. Fidelco*. Although barring Plaintiff's supplemental report would not effectively eliminate Plaintiff's case, precluding Plaintiff from having its liability expert opine on surveillance footage and Plaintiff's account of what occurred through her deposition testimony are central to Plaintiff's case. The District Court's finding that Judge Clark did not abuse his discretion in barring the plaintiffs' supplemental expert report and an entirely new expert in *Virginia St. Fidelco* does not automatically translate to Judge Clark abusing his discretion for failing to bar Plaintiff's supplemental report here. Each case is replete with specific facts which accounts for a Magistrate Judge's broad discretion in managing discovery.

The Court, having reviewed the evidence, concludes Judge Clark did not abuse his discretion.[3]

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's appeal of the Magistrate Judge's Order dated February 21, 2024, permitting Plaintiff's supplemental expert report (ECF No. 41) is **DENIED**, and Judge Clark's Order (ECF No. 38) is **AFFIRMED**. An appropriate Order accompanies this Opinion.

**DATED:** November 14, 2024

JULIEN XAVIER NEALS
United States District Judge

---

[3] Analyzing the Judge Clark's decision under the clearly erroneous standard, the Court is not "left with the definite and firm conviction that a mistake has been committed." (Pls.' Br. at 6 (citing *Huertas v. City of Camden*, No. 06-4676, 2009 WL 3151312, at *1 (D.N.J. Sept. 24, 2009)). Judge Clark's decision is not clearly erroneous, nor contrary to law.